DATE FILED: January 11, 2023 2:34 PM
FILING ID: B636619661FAF
CASE NUMBER: 2023CV30098

| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202<br><br>**Plaintiff:**<br>CHANTEL SPAIN<br><br>v.<br><br>**Defendants:**<br>FREEMAN JOHNSON, and LYFT, Inc.<br><br>*Attorneys for Plaintiff*<br>Roman Balaban, Atty. No. 39148<br>Sarah A. Wolter, Atty. No. 47599<br>Olga Steinreich, Atty. No. 48200<br>Matt R. Walker, Atty. No. 36386<br>**BALABAN LAW LLC**<br>8055 East Tufts Ave, Suite 325<br>Denver, CO 80237<br>Tel: (303) 377-3474<br>Fax: (303) 377-3576<br>Email:<br>　balaban@denverfirm.com<br>　wolter@denverfirm.com<br>　steinreich@denverfirm.com<br>　walker@denverfirm.com | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div.:　　　Ctrm.: |
| **COMPLAINT** | |

**COMES NOW** Plaintiff, Chantel Spain, by and through her undersigned counsel, Balaban Law LLC, and submits this Complaint against Freeman Johnson and Lyft, Inc. In support thereof, Plaintiff states and alleges as follows:

Spain Removal - Exhibit A

## GENERAL ALLEGATIONS

1. This case arises out of a motor vehicle collision that took place on September 28, 2021, in Denver, Colorado (hereinafter "the collision").

2. At the time of the collision, Plaintiff Chantel Spain (hereinafter, "Plaintiff") was a natural person of the age of majority, residing at 6050 Peachtree Parkway, Norcross, Georgia.

3. Upon information and belief, at the time of the collision, Defendant Freeman Johnson (hereinafter, "Defendant Johnson") was a resident of the State of Colorado, with the last known address of 16199 Green Valley Ranch Boulevard, Denver, Colorado.

4. Upon information and belief, at the time of the collision, Defendant Lyft, Inc. (hereinafter, "Defendant Lyft") is a Delaware Corporation licensed to do business in Colorado, with a principal place of business at 185 Berry Street, Suite 5000, San Francisco, California 94107-2503 and with the Registered Agent, The Corporation Company, located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

5. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124 (1)(a) because Defendant Lyft conducts business in the state of Colorado and pursuant to C.R.S. § 13-1-124 (1)(b) because the subject collision underlying this cause of action occurred within the State of Colorado.

6. Pursuant to C.R.C.P. 98(c)(5), venue is proper because the subject collision occurred in Denver County, State of Colorado.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates all previous allegations as if fully set forth herein.

8. Upon information and belief, Defendant Johnson was the owner and operator of a 2014 Volkswagen Jetta, Colorado license plate AZS-C17.

9. Upon information and belief, Defendant Johnson at the time of the collision was a driver/transportation provider who was operating his vehicle using the Lyft APP and as such was an agent and/or employee of Lyft.

10. Upon information and belief, Defendant Lyft was the employer of Defendant Johnson, and or an agency relationship existed between them.

11. Upon information and belief, at the time of the collision, Defendant Lyft was conducting business as a Transportation Network Company (TNC) which provides transportation services to the public through its APP.

12. Upon information and belief, at the time of the collision, Defendant Lyft through its services, provides prearranged transportation services for compensation using its APP or platform to connect persons waiting to procure transportation (hereinafter "Users") with those who, utilizing their own personal vehicles provide transportation in exchange for compensation (hereinafter "Drivers").

13. Upon information and belief at the time of the collision Defendant Johnson was logged on the Lyft APP and was appearing as a Lyft Driver available for providing transportation services to Users and/or viewing, monitoring and/or interacting with his wireless communications device/smartphone/GPS at or near the collision.

14. Upon information and belief, before Users can utilize the APP, Users must create an account with Lyft, logging into the Lyft App and/or web-based portal and provide information about themselves to Lyft including their name, e-mail, credit card number, mobile telephone number, etc. Only registered Users can use Lyft's App to arrange transportation services.

15. Upon information and belief, before Drivers can participate in Lyft's transportation service as a Driver, they must apply to be a Driver by logging into the Lyft App and/or web-based portal and providing information including, but not limited to their name,

phone number, address, e-mail, banking information, vehicle registration, insurance, vehicle description, and have their vehicle inspected.

16. Upon information and belief, Lyft is required to conduct a background investigation of its Drivers including but limited to their driving and criminal history (and thereafter conduct periodic reviews of their driving history). Lyft then evaluates the Driver(s) and only permits Driver(s) it finds suitable to become Drivers on its App.

17. Upon information and belief, Lyft reserves the right to remove or delete Drivers from its system at its discretion.

18. Upon information and belief, only after Users and Drivers have provided the required information to Lyft can they participate in the transportation services through the Lyft App.

19. Lyft is entirely in control of who can use its system and App as either a Driver or a User.

20. Upon information and belief, at or about the time of the collision, Defendant Johnson was in the course and scope of his employment and/or agency with Defendant Lyft as a Driver.

21. On or about September 28, 2021, Defendant Johnson acting as a Driver on the Lyft App agreed to transport Plaintiff who was a User on the Lyft App.

22. Defendant Johnson picked up Plaintiff for transportation services. Plaintiff was the restrained rear passenger of Defendant Johnson's vehicle.

23. Immediately prior to the collision, Defendant Johnson was traveling eastbound on 69th Avenue and Tower Road, Denver, Colorado, at an approximate stated speed of fifteen miles per hour.

24. A 2017 Toyota Prius, Colorado license plate 058-PFZ, driven by Peggy Whitt (hereinafter as "Driver Whitt") was traveling northbound on Tower Road, Denver, Colorado in lane one (1) at approximately 45 m.p.h.

25. A 2015 Lincoln Mark VII, Colorado license plate BXT-K81, driven by Abdirahman Bisiqo (hereinafter as "Driver Bisiqo") was traveling northbound on Tower Road, Denver, Colorado in lane two (2) at approximately 30 m.p.h.

26. Defendant Johnson in a careless and reckless manner failed to yield the right of way to both vehicles traveling northbound on Tower Road as he proceeded through the intersection.

27. Defendant Johnson's vehicle was hit by Driver Whitt's Prius and Driver Bisiqo's Mark VII.

28. Defendant Johnson's Jetta was struck a second time by Driver Whitt's Prius.

29. Driver Whitt's vehicle then struck Driver Bisiqo's vehicle.

30. All vehicles spun out of control, but ultimately came to rest.

31. Defendant's careless driving caused a multivehicle collision with Driver Whitt's and Driver Bisiqo's vehicles.

32. All three vehicles were severely damaged because of the collision.

33. All three vehicles had to be towed from the scene due to disabling damage.

34. Denver Police Department responded to the scene of the collision and investigated the incident.

35. Officers determined Defendant Johnson was at-fault for the collision and issued a citation for Careless Driving, City of Denver, and Denver County Municipal Ordinance Sec. 54-159.

36. Neither Driver Whitt nor Driver Bisiqo received a traffic citation.

37. At all times relevant to the allegations in this Complaint, Plaintiff was compliant with all applicable traffic laws.

38. Defendant Johnson had a duty to obey all traffic laws.

39. Defendant Johnson had a duty to safely operate his vehicle.

40. Defendant Johnson had a duty to yield to oncoming traffic and clear the traffic when changing lanes.

41. Defendant Johnson was not paying proper attention to the road immediately prior to the collision.

42. Defendant Johnson breached the duties listed above of this Complaint.

43. Upon information and belief, Defendant Johnson did not undertake any steps to avoid the collision.

44. Defendant Johnson was operating his vehicle in an unsafe manner at the time of the collision.

45. At the time of the collision, Defendant Johnson was non-complaint with applicable traffic laws and regulations.

46. Weather conditions were not a factor in causing or contributing to the collision in question.

47. A sudden unanticipated emergency was not a factor in causing or contributing to the cause of the collision.

48. The mechanical condition of the motor vehicle Defendant Johnson was driving was not a factor in causing or contributing to the collision.

49. Plaintiff's actions did not cause or contribute to the collision.

50. As a direct and proximate cause of the collision, Plaintiff suffered injuries, damages, and losses.

51. As a result of Defendant Johnson's negligence, carelessness, and recklessness, Plaintiff suffered economic and non-economic injuries, damages, and losses.

52. As a direct and proximate result of Defendants' negligence, carelessness, and recklessness on or about the time and date set forth above, Plaintiff incurred economic expenses, losses, and damages, including, but not limited to, past and future medical expenses, lost wages, and other economic damages related to injuries sustained in the subject collision.

53. As a direct and proximate result of Defendant Johnson's' negligence, carelessness, and recklessness, on or about the time and date set forth above, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

54. As a direct and proximate result of Defendant Johnson's negligence, carelessness, and recklessness, on or about the time and date set forth above, Plaintiff suffered physical impairment.

55. As a result of Defendant Lyft's negligence, carelessness, and recklessness, Plaintiff suffered economic and non-economic injuries, physical impairment, damages, and losses.

56. As a direct and proximate result of Defendant Lyft's negligence, carelessness, and recklessness on or about the time and date set forth above, Plaintiff incurred economic expenses, losses, and damages, including, but not limited to, past and future medical expenses, lost wages, and other economic damages related to injuries sustained in the subject collision.

57. As a direct and proximate result of Defendant Lyft's negligence, carelessness, and recklessness, on or about the time and date set forth above, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and

suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

58. As a direct and proximate result of Defendant Lyft's negligence, carelessness, and recklessness, on or about the time and date set forth above, Plaintiff suffered physical impairment.

59. Plaintiff has not failed to mitigate any of the damages which she suffered in the collision in question.

60. Defendants are not entitled to any of the protections afforded by C.R.S. § 13-21-111.6 (Collateral Source) in connection with Plaintiff's Complaint.

61. Defendants are not entitled to any of the protections afforded by C.R.S. § 13-21-111.7 (Assumption of Risk) in connection with Plaintiff's Complaint.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

### Negligence of Defendant Johnson

62. Plaintiff incorporates all previous allegations as if fully set forth herein.

63. At all times relevant herein, Defendant Johnson owed Plaintiff a duty to exercise reasonable care and prudence in the operation of the motor vehicle he was operating.

64. It was Defendant Johnson's duty to use reasonable care and prudence to be aware of the traffic and clear traffic before suddenly making a lane change, so he could avoid colliding with Plaintiff's vehicle causing her injuries, damages, and losses.

65. As a direct and proximate result and consequence of the negligence and carelessness of Defendant Johnson, Plaintiff suffered personal injuries, causing physical, mental, and emotional pain and suffering, and emotional distress.

66. As a direct and proximate result and consequence of the negligence and carelessness of Defendant Johnson, Plaintiff suffered personal injuries.

67. As a direct and proximate result and consequence of Defendant Johnson's negligence, Plaintiff sustained injuries, damages, and losses, in an amount to be determined at trial.

68. As a direct and proximate result and consequence of Defendant Johnson's negligence, Plaintiff incurred economic damages related to the injuries sustained in the collision as described above.

69. As a direct and proximate result and consequence of Defendant Johnson's negligence, Plaintiff incurred non-economic damages, including but not limited to pain and suffering, loss of enjoyment of life, inconvenience, and emotional distress.

70. As a direct, proximate, and foreseeable result of Defendant Johnson's negligence, Plaintiff suffered physical impairment.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF

#### Negligence *Per Se* of Defendant Johnson

71. Plaintiff incorporates all previous allegations as if fully set forth herein.

72. Defendant Johnson operated the above referenced Jetta in a careless, reckless, and negligent manner. Defendant Johnson was in violation of applicable municipal ordinances and statutes of Colorado including but not limited to Denver Municipal Code Sec. 54-158.

73. D.M.C. Sec. 54-158 states it is unlawful for any person operating a vehicle anywhere in the city to drive:

  (1) In an unreasonable and imprudent manner, without having regard to the actual and potential hazards then existing; or

  (2) So as to lose control of the vehicle thereby endangering or colliding with any person, structure, thing, vehicle, or any other conveyance.

74. Plaintiff is a member of the class of individuals for whose protection the above-mentioned statute was enacted.

75. The collision, injuries, and damages Plaintiff suffered as a result of the collision are the kind of injuries and damages sought to be prevented by the passage of the above-mentioned ordinance.

76. As a direct and proximate result of Defendant Jonson's violations of the above-mentioned statute, Plaintiff incurred past and future economic expenses, losses, and damages, including, but limited to past and future medical expenses and other economic damages related to injuries sustained in the collision as described above.

77. As a direct and proximate result of Defendant Johnson's violations of the above-mentioned statute, Plaintiff incurred and will continue to suffer in the future, the non-economic damages, including, but not limited to pain and suffering, loss of enjoyment of life, inconvenience, emotion distress, and impairment of quality of life

78. As a direct and proximate result of Defendant Johnson's violations of the above-mentioned statute, Plaintiff suffered physical impairment.

79. The injuries and damages Plaintiff sustained are the kind of injuries and damages the above-referenced statute is intended to prevent.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF

**Vicarious Liability of Defendant Lyft Pursuant to the
Doctrine of Respondeat Superior**.

80. Plaintiff incorporates all previous allegations as if fully set forth herein.

81. Upon information and belief, at or about the date and time of the collision, Defendant Johnson was an agent and/or employee of Defendant Lyft.

Spain Removal - Exhibit A

82. Upon information and belief, Defendant Johnson was acting within the course and scope of employment and/or agency, and with the authority of Defendant Lyft.

83. Upon information and belief, at the time of the collision, Defendant Johnson was operating the Volkswagen Jetta with the authority of Defendant Lyft.

84. At the time of the collision, the acts and/or omissions of Defendant Johnson, including but not limited to the acts and/or omissions detailed in this Complaint, including claims of negligence and negligence *per se*, are by law deemed the acts and/or omissions of Defendant Lyft.

WHEREFORE, Plaintiff suffered non-economic damages, including, but not limited to, physical and mental pain and suffering, emotional stress, impaired quality of life, physical impairment and economic damages, including, but not limited to, lost wages, and medical expenses associated with said collision as a direct result of the Defendants' negligent acts.

NOW THEN, Plaintiff prays for an Order of Judgment in favor of the Plaintiff and against Defendants as follows:

a.) For judgment in favor of Plaintiff and against Defendants in an amount to be determined at trial for actual and consequential damages, including economic, non-economic, and physical impairment;

b.) For pre-judgment interest, which has accrued since the date of the tort pursuant to C.R.S. §13-21-101;

c.) For complete and total compensation for all of Plaintiff's medical bills;

d.) For all costs in the prosecution of this matter; and

e.) For any and all further relief as the Court may deem proper and just.

Respectfully submitted this 10th day of January 2022.

BALABAN LAW LLC

By: */s/ Sarah A. Wolter*
Sarah A. Wolter, Atty. No. 47599
Roman Balaban, Atty. No. 39148
Olga Steinreich, Atty. No.: 48200
Matt R. Walker, Atty. No. 36386
*ATTORNEYS FOR PLAINTIFF*

Plaintiff's Address:
1720 Bristol Trail
Alpharetta, GA 30022

*This Complaint was filed with the Court through the Colorado Electronic Filing Procedures, under C.R.C.P. 121, § 1-26. As required by those rules, the original signed copy of this Complaint is on file with Balaban Law, LLC.*

**Spain Removal - Exhibit A**